UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO. 3:08-CV-00156-R

**BRIAN IRELAND**                                                                                  **PLAINTIFF**

v.

**J.B. KING**
**d/b/a Mid State Truck Sales, et al.**                                                 **DEFENDANTS**

## MEMORANDUM OPINION

This matter comes before the Court upon Plaintiff's Motion for Partial Summary Judgment Against J.B. King d/b/a Mid State Truck Sales (DN 72). King has responded (DN 83). No reply was filed. This matter is now ripe for adjudication. For the reasons that follow, Plaintiff's Motion is DENIED.

Also before the Court is King's Motion for Summary Judgment (DN 73). Plaintiff has responded (DN 77, 72). No reply was filed. This matter is now ripe for adjudication. For the reasons that follow, King's Motion is GRANTED.

## BACKGROUND

This matter arises out of a vehicular collision. On December 5, 2007, Defendant Santino M. Gilk drove through a stop sign at the foot of a ramp from I-71 in Oldham County, Kentucky, in a 1994 Kenworth dump truck and collided with Plaintiff Brian Ireland's vehicle. Ireland's truck was totaled and his back was broken. Gilk fled the scene without rendering aid.

Defendant J.B. King owns and operates Mid Truck Sales in Columbus, Ohio. On October 4, 2007, Gilk entered into an agreement with King to purchase the dump truck that was later involved in the December 5 accident for approximately $22,000. Gilk gave King a $1,500 down payment and took possession of the truck. King copied Gilk's insurance and driver's

license, and Gilk completed the bill of sale, the mortgage agreement, and the power of attorney. King did not transfer title of the vehicle on that day. On October 18, 2007, Gilk gave King an additional $3,000 payment. By then, King had discovered that Gilk provided an invalid address, and so he told Gilk that a valid address was necessary to file title for the truck. Gilk never provided a correct address or paid any more money for the truck. After being contacted by Gilk's insurance company, on January 4, 2008, King transferred title to the truck by taking the title to the Bureau of Motor Vehicles in Ohio. King received $19,000 from the insurance company for the truck.

## STANDARD

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). Mere speculation will not suffice to defeat a motion for

summary judgment: "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Moinette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

## DISCUSSION

Ireland's theory of liability with regards to King is that King negligently entrusted the dump truck to Gilk. King argues that he sold, not entrusted, the truck to Gilk. In his Motion for Summary Judgment, Ireland evaluates many of the elements of a negligent entrustment claim, but does not analyze whether, under the facts of this case, King entrusted or sold the truck to Gilk. Therefore, the first issue the Court must address is the ownership of the truck on December 5, 2007, the date of the accident. In other words, is transfer of title necessary for ownership? The answer to this question is important because if Gilk owned the truck, then King could not have negligently entrusted it to him. *See Lee v. Sunnyside Honda*, 716 N.E.2d 285, 288 (Ohio Ct. App. 1998).

As an initial matter, the Court must determine which state's law applies. Because this is a diversity action, the Court applies the substantive law of Kentucky, including its choice of law standards. *Andersons, Inc. v. Consol, Inc.*, 348 F.3d 496, 501 (6th Cir. 2003) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)). In Kentucky, to determine the validity of a contract the Court applies the law of the state that "'has the most significant relationship to the transaction and the parties.'" *Lewis v. Am. Family Ins. Group*, 555 S.W.2d 579, 581 (Ky. 1977) (quoting Restatement (Second) of Conflict of Laws § 188 (1971)). Here, the transaction between Gilk and King, both Ohio residents, occurred in Ohio. The truck was titled in Ohio, and any

transfer of the vehicle would have been governed by Ohio laws. Therefore, the Court will apply Ohio law to determine whether King transferred ownership of the truck to Gilk, or whether he negligently entrusted it to him.

In Ohio, motor vehicle ownership rights are generally determined by the Uniform Commercial Code. *Smith v. Nationwide Mut. Ins. Co.*, 524 N.E.2d 507, 509 (Ohio 1988).[1] "The ownership of personal property, including motor vehicles, for the purpose of determining whether the insured who sold the automobile was still the owner at the time of an accident, is governed by UCC 2-401." *Grange Mut. Cas. Co. v. Smith*, 609 N.E.2d 585, 588 (Ohio Ct. App. 1992); *see also Iker v. Estate of Jones*, 863 N.E.2d 666, 673 (Ohio Ct. App. 2006). Ohio Revised Code ("R.C.") 1302.42 codifies Section 2-401 of the Uniform Commercial Code in Ohio. R.C. 1302.42(B) provides in part as follows:

> Unless otherwise explicitly agreed, title passes to the buyer at the time and place at which the seller completes performance with reference to the physical delivery of the goods, despite any reservation of a security interest and even though a document of title is to be delivered at a different time or place . . . .

Thus, for example, when a car was sold to a purchaser but title was not properly transferred, the purchaser was still considered the owner of the car and the seller was not liable for his injuries. *Smith*, 524 N.E.2d at 509.

---

[1] Only issues of ownership "regarding the importation of vehicles, rights as between lienholders, rights of bona-fide purchasers, and instruments evidencing title and ownership" are governed by Ohio Rev. Code Ann.§ 4505.04. *Smith v. Nationwide Mut. Ins. Co.*, 524 N.E.2d 507, 509 (Ohio 1988). Previously, Ohio courts applied R.C. 4505.04 to determine ownership when a dealer sells a vehicle and delivers possession to a purchaser but does not transfer title. *See, e.g.*, *Brewer v. DeCant*, 149 N.E.2d 166, 169 (Ohio 1958); *U.S. Fid. & Guar. Co. v. Selective Ins. Co.*, 188 N.E.2d 821, 193 (Ohio Ct. App. 1963); *Grange Mut. Cas. Co. v. Clifford*, 230 N.E.2d 686, 688-90 (Ohio 1967).

Here, King sold the dump truck to Gilk. Gilk took possession of the truck. Therefore, although title had not been transferred to Gilk on the date of the accident, pursuant to R.C. 1302.42(B), Gilk was the owner of the vehicle. Consequently, Ireland's claim of negligent entrustment against King fails. *See Lee*, 716 N.E.2d at 288.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Partial Summary Judgment Against J.B. King d/b/a Mid State Truck Sales (DN 72) is DENIED and King's Motion for Summary Judgment (DN 73) is GRANTED.

An appropriate order shall follow.