**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CASE NO. 3:08-CV-00156-R**

**BRIAN IRELAND**                                                                                  **PLAINTIFF**

**v.**

**J.B. KING**
**d/b/a Mid State Truck Sales, et al.**                                                    **DEFENDANTS**

**OPINION & ORDER**

This matter comes before the Court upon Plaintiff's Motion for Sanctions Against Defendant Gilk Pursuant to FRCP 37 (DN 64). Gilk has responded (DN 65), and Plaintiff has replied (DN 66). This matter is now ripe for adjudication. For the reasons that follow, Plaintiff's Motion is GRANTED.

Federal Rule of Civil Procedure 37 sets forth the sanctions that a court may impose on a party for its failure to comply with a court order, or for failure to attend its own deposition, serve answers to interrogatories, or respond to a request for inspection. These sanctions include "rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A)(vi). In determining whether to dismiss a case, a court considers four factors: "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002) (citation omitted). "Although no one factor is dispositive, dismissal is proper if the record demonstrates delay or contumacious conduct." *Id.*

Here, Defendant Santino Gilk has failed to appear for his deposition and has failed to

provide sworn answers to Interrogatories as ordered by the Court.  The Court finds that these failures are due to willfulness and bad faith.  Gilk has filed an Answer, Notice of Removal, Interrogatories and Request for Production of Documents to Plaintiff, and Request for Admissions to Plaintiff.  Plaintiff has been prejudiced by not having received information critical to their case.  Gilk's counsel states that they have not been able to locate Gilk.  The Court has delayed deadlines several times in order to allow Gilk the opportunity to respond.  The Court finds there has been delay and contumacious conduct on the part of Gilk, and therefore a default judgment against Gilk is warranted.

      For the foregoing reasons, IT IS ORDERED that Plaintiff's Motion for Sanctions Against Defendant Gilk Pursuant to FRCP 37 (DN 64) is GRANTED and an order of default as to liability is hereby entered.